Stephanie Oblander
Kaitlyn J. McArthur
Smith Oblander & Meade, P.C.
104 2nd Street South, Suite 400
PO Box 2685
Great Falls, MT  59403-2685
Telephone: (406) 453-8144
steph@bigskylaw.com
kaitlyn@bigskylaw.com
*Attorneys for Defendant Allstate*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JOEL T. KOSTA,<br><br>           Plaintiff,<br><br>                v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>           Defendant. | Cause No:<br><br><br>**DEFENDANT ALLSTATE'S NOTICE OF REMOVAL** |

COMES NOW the Defendant Allstate Fire And Casualty Insurance Company ("Allstate"), by and through its attorneys, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, give notice of removal of the above-captioned action to the United States District Court for the District of Montana, Billings Division, and states that removal to the federal court is proper for the following reasons:

1.      On June 23, 2020, the Plaintiff, Joel T. Kosta ("Kosta"), filed a Complaint in the Montana Thirteenth Judicial District Court, Cascade County, Montana, Cause No. DV-20-0878, seeking economic damages, attorney fees and costs against Allstate.  A true and correct copy of Kosta's Complaint is attached hereto as Exhibit 1 and incorporated herein by reference. Kosta alleges he is entitled to recover underinsured motorist ("UIM") benefits and other damages stemming from an April 22, 2019, motor vehicle accident that occurred in Billings, Montana. Kosta alleges the vehicle driven by the other driver involved in the accident, James Trevathan, was underinsured.

2.      In his Complaint Kosta alleges a claim for Breach of Contract (Count I), alleging that Allstate has failed to pay UIM benefits for injuries stemming from the April 22, 2019, accident. Exhibit 1, ¶ 20. In addition to UIM benefits, Kosta contends he is entitled to recover attorney fees and costs. Exhibit 1, ¶ 22.

3.      Kosta's counsel transmitted to Allstate's registered agent, CT Corporation System, the Summons and Complaint. A CT Corporation System transmittal log dated June 29, 2020, indicates the Summons and Complaint was received by CT Corporation System on June 29, 2020.  CT Corporation System transmitted to Allstate via transmittal log dated June 29, 2020, the Complaint and Summons. The CT Log Number 537871283 dated June 29, 2020, reflecting CT Corporation System's receipt of process is attached as Exhibit 2. The Summons issued to Allstate in the underlying

lawsuit is attached as Exhibit 3.

4.      Exhibits 1, 2 and 3 attached hereto comprising the Complaint, Summons and CT Corporation System transmittal log constitute the documents reflecting service of process on Allstate. Allstate has not yet filed its answer to the Complaint, but will timely do so by August 10, 2020, pursuant to agreement with counsel.  A copy of the docket sheet in Cause No. DV-20-0878 is attached as Exhibit 4.

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of the date receipt of the Complaint acknowledged via transmission through Allstate's registered agent, CT Corporation System. Exhibit 2.

6.      Based on information available, Kosta is now, and was at the time of the filing of the Complaint, a resident and citizen of the State of Montana, or otherwise a citizen of a state other than Illinois.

7.      Allstate issued the subject insurance policy to Kosta, Allstate Policy # 870 440 951 (the "Policy"). Allstate Fire And Casualty Insurance Company is a wholly-owned subsidiary of Allstate Insurance Company, which is an Illinois insurance company.  Allstate is now, and was at the time of the filing of the Complaint, a citizen of the State of Illinois. Allstate is incorporated under the laws of the State of Illinois and has its principal place of business in Northbrook, Illinois.

8.      Kosta alleges the accident in question was caused by the negligence of James Trevathan ("Trevathan"), who Kosta alleges that his damages exceed the available

limits of the liability insurance coverage on Trevathan's vehicle. Exhibit 1, ¶¶ 11, 20.

9.      Kosta's claims comprise a claim for UIM benefits, attorney fees and costs. Exhibit 1, ¶¶ 20-22.

10.     The parties to this action are citizens of different states and such diversity of citizenship satisfies the diversity of citizenship requirements set forth in 28 U.S.C. § 1332(a)(1).

11.     The Policy issued to Kosta provided UIM coverage benefits. One vehicle was insured under the Policy for UIM coverage at the time of the accident, with UIM policy limits of $100,000.00 per person/ $300,000.00 per occurrence. The certified Policy's declarations pages are attached as Exhibit 5.

12.     The damages at issue are available UIM benefits, Kosta's attorney fees and costs. The amount in controversy for diversity jurisdiction purposes includes the amount of damages in dispute, including attorney fees. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

13.     The Court is not confined to the face of Kosta's Complaint in determining whether the amount in controversy requirement for diversity purposes has been satisfied; rather, the Ninth Circuit approves considering summary judgment type evidence in determining whether the amount in controversy is satisfied. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *Cohn*, 281 F.3d at 840.

14.     Allstate need not demonstrate to a legal certainty that the amount in controversy

is met; rather, Allstate need only demonstrate through plausible allegations that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC, v. Owens*, 135 S. Ct. 547, 554 (2014).

15.     The amount in controversy exceeds the jurisdictional threshold of $75,000.00 given Kosta's assertion of UIM benefits under the Policy and given his claim for attorney fees.

16.     This action is a civil action which may be removed by Allstate to the United States District Court for the District of Montana, Billings Division, pursuant to 28 U.S.C. §§ 1332 and 1441. The United States District Court has original jurisdiction over this cause. Venue in the Billings Division is proper because the underlying accident[1] occurred in Yellowstone County, Montana, and the lawsuit being removed to federal court was originally filed in the Thirteenth Judicial District Court in Yellowstone County. L.R. 1.2 (c)(2), 3.2(b); 28 U.S.C. § 1391.

17.     By or on August 10, 2020, Allstate will file its answer to the Complaint. Within seven (7) days of the filing of this Notice, Allstate will provide a copy of the Notice with the Clerk of District Court of the Montana Thirteenth Judicial District Court, as required by Local Rule 3.3(a) of the United States District Court for the District of Montana.

---

[1] L.R. 3.2(b); MCA § 25-2-122(2)(c).

18.     Allstate will promptly provide written Notice of Removal to counsel for Kosta in accordance with 28 U.S.C. § 1446(d).

19.     Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which Allstate has complied with, this cause is removable to the United States District Court, for the District of Montana, Billings Division.

WHEREFORE, Defendant Allstate gives notice that Cause No. DV-20-0878, formerly pending in the Montana Thirteenth Judicial District Court, has been removed to the United States District Court for the District of Montana.

Respectfully submitted this 28th day of July, 2020.

Smith Oblander & Meade, PC

   /s/ Stephanie Oblander
Stephanie Oblander
P.O. Box 2685
Great Falls, Montana 59403-2685
Phone:  (406) 453-8144
Fax:  (888) 402-0579
Email: steph@bigskylaw.com
*Attorneys for Defendant Allstate*

CERTIFICATE OF SERVICE

I, Stephanie A. Oblander, of the law firm of Smith Oblander & Meade, P.C., do hereby certify that on the 28th day of July, 2020, I caused to be served the foregoing document in the above matter this date to:

| | |
|---|---|
| __1,2__ | CM/ECF |
| ___ | Hand delivery |
| __2__ | Mail |
| ___ | Overnight delivery service |
| ____ | Fax |
| ____ | Email |

1.    Clerk of US District Court
2.    Craig Hensel, Esq.
      Hensel Law
      1780 N. Shiloh Rd., Suite B1
      Billings, MT  59106


      __/s/ Stephanie Oblander_____
      P.O. Box 2685
      Great Falls, Montana 59403-2685
      Attorneys for Defendant Allstate

Defendant Allstate's Notice of Removal - Page 7