Craig C. Hensel
HENSEL LAW, PLLC
1780 N. Shiloh Road, Suite B1
Billings, Montana 59106
Phone: (406) 325-7000
Fax: (406) 204-3131
craig@hensel-law.com
*Attorney for Plaintiff Joel Kosta*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOEL T. KOSTA,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE CO.,<br><br>Defendant. | Cause No. CV-20-115-BLG-TJC<br><br>**FIRST AMENDED COMPLAINT** |

Comes now Plaintiff Joel T. Kosta ("Kosta"), by and through his counsel of record, Hensel Law, PLLC, and hereby submits his first Amended Complaint against Defendant Allstate Fire and Casualty Insurance Co. ("Allstate"). Plaintiff alleges and avers as follows:

## **PARTIES**

1. Plaintiff Kosta is a resident of Yellowstone County, Montana.

2. Upon information and belief, Allstate is an insurance company transacting business in the state of Montana but not domiciled in Montana, and whose principal place of business is in Illinois.

## JURISDICTION

3. Federal Jurisdiction is proper because there is diversity of citizenship between Allstate and Kosta.

4. The amount in controversy exceeds $75,000 because the uninsured/underinsured motorist coverage policy marketed and sold by defendant Allstate to plaintiff Kosta has limits that exceed $75,000.

## VENUE

5. Plaintiff Kosta is a resident of Yellowstone County, Montana, therefore venue is proper in the Billings Division of the United States District Court for the District of Montana.

## FACTS

6. Plaintiff purchased a policy of automobile insurance, specifically policy # 807440951 (hereafter "the policy") from Allstate which was in effect on April 22, 2019.  This policy of insurance included underinsured motorist (hereafter "UIM") coverage for Plaintiff's truck in the amount of $100,000.00.

7. Plaintiff continued to dutifully pay premiums for UIM coverage under the policy.

8. On or about April 22, 2019, Plaintiff was involved in a motor vehicle collision in Billings Montana with an underinsured driver named James Trevathan.

9. Trevathan's negligence was the cause of the collision.

10. Plaintiff suffered serious injuries in the collision requiring extensive medical treatment which continued for approximately one year.

11. Plaintiff suffered substantial wage loss in the months following the accident during what should have been his busiest time of the year.

12. Allstate was made aware of the accident and opened up a UIM claim, Claim No. 0542625579, on or about April 25, 2019.

13. Plaintiff has incurred medical expenses, may incur future medical expenses, has lost earnings and earning capacity, has suffered a reduction in ability to enjoy life, a change in the course of lifestyle, and has suffered physical pain and mental anguish.  These damages are covered by the terms of the UIM coverage of the policy.

14. Trevathan had liability coverage through Progressive Insurance in the amount of $100,000.00 at the time of the accident.  Plaintiff's damages exceeded the available policy limits.

15. Plaintiff Joel Kosta settled with Progressive for policy limits of $100,000.00 on March 9, 2020. Allstate was advised of and consented to this settlement and waived its subrogation rights.

16. Plaintiff submitted a UIM demand to Allstate on May 9, 2020.

17. Plaintiff submitted copies of all medical records, treatment notes, and bills and billing information for his accident-related medical treatment supporting his UIM demand.

18. Allstate responded with a counteroffer of $0 on June 8, 2020.

19. Defendant Allstate has refused to honor its contractual obligations to pay Kosta's claim under the underinsured motorist provision of Kosta's policy.

20. Defendant Allstate has failed to act in good faith in effectuating prompt, fair, and equitable settlement of Kosta's claim.

21. Despite being provided with all of Kosta's medical records and bills supporting Kosta's UIM demand, Allstate has advanced frivolous defenses and intimated that it did not have Kosta's medical records.

22. Despite being provided with all of Kosta's medical records and bills supporting his UIM demand, Allstate continues to advance frivolous defenses and intimated that its refusal to pay the claim was due to not having Kosta's medical records.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff restates and realleges each and every allegation contained in this Complaint as though fully set forth herein.

24. On April 25, 2019, Allstate was put on notice of a potential UIM claim.

25. On May 9, 2020, Plaintiff made a claim for UIM benefits.

26. On May 29, 2020, Allstate informed Plaintiff's counsel that it was evaluating the UIM claim.

27. On June 8, 2020, Allstate informed Plaintiff's counsel that it was rejecting Plaintiff's UIM demand outright and contended that it owed Plaintiff nothing.

28. Allstate has breached the terms of the policy by failing to pay adequate UIM coverage benefits for Plaintiff's injuries sustained in the collision of April 22, 2019 which were caused by an underinsured motorist.

29. As a result of Allstate's breach of the insurance agreement, Plaintiff has been compelled to commence legal action to obtain bargained-for UIM benefits.

## COUNT II– UTPA – MCA § 33-18-201(6)

30. Plaintiff restates and realleges each and every allegation contained in this Complaint as though fully set forth herein.

31. Defendant Allstate neglected to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability was reasonably clear, without a reasonable basis in fact or in law.

32. Allstate's actions were in bad faith.

33. Allstate's conduct violated MCA § 33-18-201(6).

### COUNT III– UTPA – MCA § 33-18-201(6)

34. Plaintiff restates and realleges each and every allegation contained in this Complaint as though fully set forth herein.

35. Despite being provided with all of Kosta's medical records and bills for accident-related treatment at the time the UIM demand was submitted, Allstate has intimated that it did not have Kosta's medical records and attempted to offer this as justification for its failure to effectuate a prompt, fair and equitable settlement of his claim.

36. Allstate's actions were in bad faith.

37. Allstate's conduct violated MCA § 33-18-201(6).

### COUNT IV – PUNITIVE DAMAGES

38. Plaintiff restates and realleges each and every allegation contained in this Complaint as though fully set forth herein.

39. By the conduct referenced herein, Allstate acted in conscious disregard of the certainty its conduct would harm Plaintiff and others like Plaintiff, all

for the purpose of bringing economic pressure to bear upon him, leveraging him and enhancing its own profits and income at Plaintiff's expense.

40. Allstate's acts, decisions and conduct clearly and convincingly demonstrate actual malice and/or actual fraud and justify assessment of punitive damages against it.

41. An award of exemplary damages is appropriate pursuant to Mont. Code Ann. §§ 33-18-242(4), and 27-1-221.

## **PRAYER FOR RELIEF**

42. Wherefore, Plaintiff prays for judgment against Defendant as follows:

   a. For an award of special damages and general damages in an amount to be determined by the jury;

   b. For attorney's fees, costs of suit, and interest as permitted by law;

   c. For punitive and/or exemplary damages, and;

   d. For any such other and further relief at law or in equity as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by jury pursuant to Mont. R. Civ. P. 38.

//

Respectfully submitted this 7th day of December, 2020.

        HENSEL LAW, PLLC

    By:    /s/ Craig C. Hensel
        Craig C. Hensel
        *Attorney for Plaintiff Joel Kosta*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2020, a copy of the foregoing First Amended Complaint was served on the following persons by the following means:

| | | | |
|---|---|---|---|
| 1, 2 | CM/ECF | | Fax |
| | Hand Delivery | | Email |
| | Mail | | Overnight Delivery Service |

1. Clerk, U.S. District Court

2. Stephanie Oblander
   Smith, Oblander & Meade, PC
   P.O. Box 2685
   Great Falls, Montana 59403-2685
   steph@bigskylaw.com

                    HENSEL LAW, PLLC.

                    By:  /s/ Craig C. Hensel
                          Craig C. Hensel

                    *Attorney for Plaintiff Joel T. Kosta*